BEATTY, Retired Justice.
R.C.O. appeals from a June 12, 1998, order issued by the Colbert County Probate Court. This order denied R.C.O.’s motion to dismiss and his motion to stay the proceedings; found “that there was valid implied consent of the father, R.C.O., to the petition for adoption;” and granted J.R.V. and M.H.V.’s petition for the adoption of Baby Girl G. We reverse and remand.
R.C.O., a resident of Florida, is the biological father of Baby Girl G., a child born out of wedlock. J.R.V. and M.H.V. are the prospective adoptive parents of Baby Girl G., who was born on December 6, 1997. On December 9, 1997, AGAPE of North Alabama, Inc. (AGAPE), a private adoption agency, placed Baby Girl G. with J.R.V. and M.H.V. for the purpose of final adoption. J.R.V. and M.H.V. reside in Colbert County, Alabama, and Baby Girl G. has resided with them since her placement in December 1997.
At this point, the record discloses a somewhat confusing state of affairs. On February 9, 1998, AGAPE filed in the Juvenile Court of Madison County a complaint and petition, which stated,
“[The birth mother] states she is unable to properly care for the said child. She signed a relinquishment of minor for adoption on 12/24/97. [The birth mother] states that the birth father is [R.C.O.] [R.C.O.] has not shown any interest in raising said child. [The birth mother] further states that it would be *560 in the best interest of the child that adoptive placement proceed.”
On February 17, 1998, R.C.O. was served in Florida by certified mail. In addition to the complaint and petition, R.C.O. was served with forms entitled “Relinquishment of Minor for Adoption” and “Notification of Right to Counsel.”
On February 27, 1998, R.C.O., acting pro se, filed in the juvenile court the following notarized statement:
“I, [R.C.O.], do state that I am the father of [Baby Girl G.], d.o.b. December 6, 1997, to the [birth mother]. In answer to [the] request to relinquish my child for adoption, I refuse. Furthermore, I request custody of my daughter as I am willing and capable of providing her a loving and stable home. As for me not showing interest in my child, this was the first notification I have received.”
On March 16, 1998, the juvenile court issued an order, requiring that “upon the stipulation of the parties ... a paternity test be conducted” and that “the cost and expense of the above-ordered testing be and the same is hereby taxed to [R.C.O.].” The genetic test results, dated April 15, 1998, indicated that “[p]aternity is extremely likely.”
On April 24, 1998, AGAPE moved in the juvenile court for a dismissal. Its motion stated in part:
“1. That AGAPE of North Alabama filed a complaint with this court seeking to terminate the parental rights of the natural parents of the above-named child in order to proceed forward with adoptive placement.
“2. That on March 16, 1998, after a pre-trial conference regarding the logistics of the putative fathers’ relinquish-ments, a DNA test was ordered by this court.
“3. That on April 23, 1998, AGAPE was notified of the results of said test.
“4. That on April 23, 1998, AGAPE was put on notice that the mother of said child is withdrawing her relinquishment of parental rights and has sought legal counsel.
“5. That AGAPE is in need of this court to dismiss their action filed regarding the adoption of said minor child, [Baby Girl G.]”
On the same date that it was filed, the juvenile court granted AGAPE’s motion to dismiss. On May 7, 1998, R.C.O., appearing through his attorney, filed in Madison County a timely notice of appeal from the district court to the circuit court. This notice of appeal indicates that R.C.O. appealed the April 24, 1998, order of the juvenile court “dismissing the petition, notwithstanding [the] pending counterclaim of [R.C.O.]”
Ultimately, the case was begun anew in the Colbert Probate Court when, on April 24, 1998 (the same date the case was dismissed in Madison County), J.R.V. and M.H.V. filed in the probate court of Colbert County a petition for the adoption of Baby Girl G. On May 1, 1998, R.C.O. was served with the petition for adoption, by certified mail.
On May 13, 1998, R.C.O. filed in the Colbert Probate Court a motion to dismiss and an answer to the petition for adoption, wherein R.C.O. stated, “Custody of the child is presently in issue in the Circuit Court of Madison County, Alabama ...; is subject to the exclusive jurisdiction of that court; and is not properly within the jurisdiction of this Honorable Court at the present time.”
On June 9, 1998, R.C.O. filed with the Colbert Probate Court a motion to stay the proceedings. In this motion R.C.O. argued that the adoption proceeding should be stayed, pursuant to § 26-10A-21, Ala.Code 1975, because a custody proceeding was pending in the Madison Circuit Court.
On June 11, 1998, the Colbert Probate Court heard the matter, and on June 12, 1998, it issued the order from which this appeal was taken.
*561 On appeal, R.C.O. contends that the probate court committed reversible error when it declined to stay its proceedings, in light of § 26-10A-21, Ala.Code 1975, which states:
“If, at any time during the pendency of the adoption proceedings, it is determined that any other custody action concerning the adoptee is pending in the courts of this state or any other state or country, any party to the adoption proceeding, or the court on its own motion, shall move to stay such adoption proceeding until a determination has been made by an appropriate court with jurisdiction pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA).”
R.C.O. contends that a “custody action concerning the adoptee [was] pending” in Madison County, and, thus, that the Probate Court of Colbert County should have stayed the adoption proceeding. We agree. When the Madison Juvenile Court dismissed the action, R.C.O. had a pending counterclaim — his notarized statement said, “I am the father” and “I request custody of my daughter.” There is nothing in the record to indicate that R.C.O. was given notice of AGAPE’s motion to dismiss the Madison Juvenile Court action or an opportunity to be heard on the motion.
The official comment to § 26-10A-21, Ala.Code 1975, states in part:
“Multiple proceedings, in one state or in several states, affecting the adoptee should be discouraged. A single proceeding, or a consolidation of proceedings, is to be encouraged....
“The circuit court is the proper forum for the initial determination of jurisdictional questions.”
In light of the foregoing, we conclude that the Colbert Probate Court should have granted R.C.O.’s motion to stay the adoption proceeding, pursuant to § 26-10A-21. Consequently, the judgment of the Colbert Probate Court is reversed and the cause is remanded to the Colbert Probate Court with instructions to transfer the case to the Madison Circuit Court for disposition of the case originally filed in Madison County. It is so ordered.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.